(92 App. Div. 456.)

GRAVES ELEVATOR CO. v. JOHN H. PARKER CO. et al.

(Supreme Court, Appellate Division, First Department. March 18, 1904.)

1. PLEADING—AMENDMENT.
    Plaintiff, in an action on a contract for doing work and furnishing material, alleged performance, and on trial before a referee sought to amend so as to allege partial performance and a waiver by defendant as to the part not performed. Amendment was offered, when plaintiffs offered their proofs. Defendants did not claim to have been surprised, and had opportunity, at subsequent sessions, to meet the case made by plaintiffs. *Held*, that the amendment was properly allowed.

2. BUILDING CONTRACT—ARCHITECT'S APPROVAL—SUBCONTRACT.
    Where a subcontractor agreed to furnish material and labor to be satisfactory to the contractor and architect, the furnishing of a certificate of satisfactory completion by the architect to the contractor, under which the latter received the contract price, was a sufficient compliance with the provisions of the subcontract requiring the architect's approval.

3. SAME—EXTRA WORK.
    Where a subcontractor agreed to furnish the materials and do the lathing and plastering work shown on the plans and called for in the specifications, necessary to complete the building, he could not recover as extra

work for work which he was ordered to do as a part of the contract by the contractor and architect, though it was rendered necessary by imperfections in the work of the contractor.

4. SAME—FAILURE TO PERFORM.

Where a building contract was completed to the satisfaction of the architect, and the contract price paid to the contractor, he could not avoid payment to a subcontractor on the ground that the work thereunder was not done in accordance with the subcontract.

Appeal from Judgment Entered on Report of Referee.

Action by the Graves Elevator Company against John H. Parker Company and others. From a judgment in favor of defendants, Albert Oliver and others, and against the first-named defendants, they appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellant John H. Parker Co.

Henry Schoenherr, for respondents.

INGRAHAM, J. The question presented upon this appeal involves the right of the respondents (defendants) to recover from the appellants (codefendants) the balance due upon a contract made for plastering a building which was in course of erection by the appellants for the city of New York. The respondents filed a lien against the amount due to the appellants from the city, and the appellants subsequently gave the bond upon which the lien was discharged, and the question presented is as to the right of the respondents to recover from the appellants the balance due upon the contract.

The answer of the respondents, which was served upon the appellants, alleges a complete performance of the contract. All of the issues in the action were referred to a referee, and after one of the respondents had been called as a witness, and it appeared that they had not fully performed their contract, an application was made to the referee to amend the answer by setting up that the contract had been performed, with certain exceptions specified, of which performance was waived by the appellants. This amendment was allowed, to which the appellants excepted, claiming that the referee had no power upon the trial to allow such an amendment. There was no claim of surprise. The case was on trial before a referee. The amendment was made when the respondents offered their proof, and it is not claimed but that the appellants had ample opportunity at subsequent sessions of the reference to meet the case presented by the respondents.

We think the referee had power to allow the amendment. The action is upon a contract by which the appellants agreed to pay to the respondents a sum of money for furnishing the material and doing certain work in the construction of this building. Whether the right to recover was based upon a complete performance of the contract or a performance with the exception of certain particulars, the performance of which was waived by the appellants, did not change the cause of action for which a recovery was sought. The cause of action was still upon the contract, to recover the amount due under it. The court has power to allow an amendment upon the trial where the amendment does not substantially change the cause of action to which the amend-

ment relates; and, as this cause of action was not at all changed by the amendment, there can be no doubt, we think, but that it was within the power of the referee to allow it.

By the contract which is the basis of this cause of action the respondents agreed "to furnish the materials for and do all the lathing and plastering work shown on plans and called for in the specifications necessary to complete the building known as Museum Building & Power House, in Bronx Park, N. Y. * * *. All the materials and labor to be satisfactory to R. W. Gibson, architect, and John H. Parker Company;" and the respondents further agreed to do all necessary cutting, drilling, and patching in connection with other mechanics, and to remove from the premises, from time to time as directed, all dirt and rubbish caused by their work, and for this the appellants agreed to pay the sum of $15,700. The contract between the appellants and the city specified the plastering to be done, and it was the necessary plastering called for by this contract that the respondents agreed to do and for which they were to be paid. After the respondents had completed their work, and the contract between the appellants and the city had been completed by the appellants, the architect gave the appellants a certificate which in effect stated that the work called for by the contract with the city had been performed as required by the contract and in a satisfactory manner, and under it the appellants received from the city the contract price. We think that this was a sufficient compliance with the provisions of the contract between the appellants and the respondents as to the approval of the architect, and that the respondents were entitled to recover, subject, of course, to proof that the portions of the contract not performed by the respondents had been waived by the appellants, or that the work had been accepted by them as a complete performance of the contract.

The only serious question presented is as to the correctness of the allowance made by the referee for the uncompleted work and for what was alleged to be extra work. The referee disallowed several claims made by the respondents for extra work; but, as there is no appeal by the respondents from the judgment, the correctness of the finding of the referee in this respect need not be considered. The referee found that prior to the filing of their notice of lien the respondents had substantially performed their contract, except in certain particulars as to which performance was waived by both the appellants and the city; that the respondents were compelled to do extra work and furnish some extra materials in and about the work which they were required to do by their contract, which extra work and materials were rendered necessary by the acts and facts for which the John H. Parker Company was responsible as between them and the respondents. The referee then allowed the contract price also for certain extra work which was admitted by the appellants, and for certain extra plastering caused by defective brickwork and construction, or made necessary by water or frost, aggregating $503.30. For this sum of $503.30 I do not think the appellants are responsible. The allowance is based upon the testimony of one of the respondents, and it was claimed that this extra plastering was made necessary by the imperfect manner

in which the brickwork or the columns for the building had been constructed, and other faults in construction which required more plastering than the respondents considered they were bound to furnish. But by the contract the respondents were to do all plastering required to complete the building, and the claim of the appellants was that the respondents were required to do this work under the contract, and that in pursuance of that claim they did the work. One of the respondents testified in relation to this work:

"I called Mr. John H. Parker's attention to it—Mr. Brooks' attention to it—and claimed that it was not right to ask me to put on that much mortar, and I refused to do it, and I worked back from that point. Afterwards I was obliged to do it. * * * I was obliged to do it on orders from the Parker Company and orders from the architect, and always a club held by contractors that they will hold your payments up if you do not do as they want."

By the contract the respondents were required to obey the orders of the architect as to the work that they were to do, and having done it as work to be done under the contract, considering the form of the contract and specifications, they cannot now claim that it was extra work that they were required to do under the contract. It is not claimed that the respondents were ordered to do this as extra work by either the appellants or the architect, but that they were required to do it as a portion of their work under the contract, and they acquiesced in that and did the work. The contract itself requires that the respondents should do all the plastering to be done in the construction of this building. I can find no provision in either the contract between the appellants and the respondents, or that between the appellants and the city, which allows the respondents to claim as extra work the plastering that was made necessary by the construction of the building. I think, therefore, that this claim for $503.30 should be disallowed.

An examination of the testimony does not show that the respondents were entitled to a greater allowance than that made by the referee. The appellants insist that the respondents should not be allowed to recover under the contract, as the referee has found that they did not entirely complete the contract. But the respondents did the work. The appellants accepted that work, and presented it to the city as a compliance with their contract with the city, received the certificate of the architect that their contract had been performed, and received from the city the contract price which the city was to pay for a performance of their contract. Under such conditions, the contractor who has accepted the work of his subcontractor, and upon that has obtained a certificate from the architect that the main contract was completed, and received the contract price, is not in a position to say that the subcontract was not completed in accordance with the terms and specifications of the original contract. It is true that the original contractor would not be required to pay his subcontractor unless the latter could prove a substantial compliance with the contract; but upon proof of a substantial compliance so far as the same was insisted upon by the original contractor, with an allowance for such of the work as, with the acquiescence of the original contractor, was omitted, no injustice is done, and no rule of law prevents a re-

·covery. There was evidence in this case to sustain the finding of the referee that a complete performance of this contract by the respondents was waived, or that the changes that were made were made under conditions which would justify a finding that. they were consented to by the appellants, and the appellants were amply protected by the allowance that was made for the work that was not completed.

We think, therefore, that the judgment should be modified by reducing the judgment as entered to the sum of $3,647.84, and as thus modified it should be affirmed, without costs of this appeal. All concur.